Mr. Bill A. Shirron, Executive Director Arkansas Teacher Retirement System #3 Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Shirron:
This is in response to your request for an opinion on two questions concerning the interaction between A.C.A. § 24-7-717
(Cum. Supp. 1991), A.C.A. § 24-7-601(b), § 24-7-701, and §24-7-702. As you have noted, section 24-7-717 allows a retirant, under certain conditions, to rescind his retirement and again become a member of the system. If the retirant accumulates an additional three years of service under this statute, his benefits upon retiring can be recalculated. Section 24-7-701(d) and § 24-7-702(d), which specify the requirements for voluntary and early voluntary retirement, both provide that retirement cannot be effective before July 1 of the next fiscal year, unless the member terminates his contract of employment before the year of service is rendered. Section 24-7-601(b) specifies that 120 days of teaching service in a fiscal year are required to receive credit for a year of service. You also state that the Teacher Retirement System policy manual, presumably in accordance with A.C.A. § 24-7-601(a), provides fractional years of credit for service rendered. Board policy also provides, however, that if any fractional part of a year in which the member retires is used in computing benefits, the effective date of benefits is the following July 1. The member has the option of forfeiting the fractional year, having contributions for that part of the year refunded, thus allowing him to retire prior to July 1, but this fractional service is not used in computing benefits.
Your questions with regard to these facts are as follows:
 1. When a member elects to retire before acquiring 120 days of service credit, thus forfeiting his current year service, then rescinds his retirement and works at least three years, when benefits are recomputed, is he entitled to the service credit for the year in which he retired but which was forfeited at that time?
 2. In section 24-7-701(d) what do the words `the year of service' mean — before the member reaches the 120th day or before his contract with the school district ends for the year?
It is my opinion that the answer to your first question is "yes," and the answer to your second question is that the "year of service" refers to the 120 day period mentioned in A.C.A. §24-7-601(b).
Section 24-7-717 (Cum. Supp. 1991) allows a retirant to "rescind" his decision to terminate active membership. A.C.A. §24-7-717(a). The word "rescind" is defined in Black's LawDictionary (5th ed. 1979) as follows:
 To abrogate, annul, avoid, or cancel a contract; particularly, nullifying a contract by the act of a party. To declare a contract void in its inception and to put an end to it as though it never were. [Citation omitted.] Not merely to terminate it and release parties from further obligation to each other but to abrogate it from the beginning and restore parties to relative position which they would have occupied had no contract ever been made.
Black's supra, at 1174.
When this definition is applied to the statute, it appears that a former retirant who "rescinds" his decision to retire would be eligible for any forfeited service made in connection with the retirement. When a rescission occurs, the parties are returned to the status quo, as if the contract or decision had not occurred.U.S. v. Haynes School District. No. 8, 102 F. Supp. 843 (E.D. Ark. 1952). If the former retirant had never retired in the first place, he would be eligible for this forfeited service, as it was forfeited only in connection with his previous retirement. It is thus my opinion, although it is not addressed precisely in the statute, that by using the term "rescind" and "rescission," the General Assembly has allowed such retirees to regain this prior forfeited service when benefits are recomputed. This is not to say, however, that this prior forfeited service can be used in calculating the three extra years of service required under A.C.A. § 24-7-717. The statute is very specific that the three years must be of "reemployment" (emphasis added), and must be accumulated by a "former retirant." A.C.A. § 24-7-717(e).
With regard to your second question, A.C.A. §§ 24-7-701(d) and24-7-702(d) each provide that:
 In no event shall the annuity begin earlier than the July 1 next following a fiscal school year for which the member has signed an employment contract unless his contract is terminated with the employer's consent before the year of service is rendered.
It is my opinion that "year of service," as used in the statute above, means a year in which one hundred and twenty days have been accumulated. The phrase "year of service" is not defined by the statutes, but it is stated at A.C.A. § 24-7-601(b) that "[i]n no case shall fewer than one hundred twenty (120) days of teaching service rendered in any fiscal school year be credited as one (1) year of service. . . ." It has been stated that "[w]here the meaning of a word is unclear in one part of a statute but clear in another part, the clear meaning can be imparted to the unclear usage on the assumption that it means the same thing throughout the statute." Sutherland, StatutoryConstruction, § 47.16, at 184. Each of the provisions discussed above containing the phrase "year of service" appeared in Act 472 of 1973, and, in my opinion, it can be presumed that the use of this phrase in A.C.A. §§ 24-7-701(d) and 24-7-702(d) has the same meaning as it has in A.C.A. § 24-7-601(b). Thus, the annuity may not begin before July 1 of the next fiscal year, unless the member terminates his employment contract before he has accumulated one hundred and twenty days of service for that year.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh